**Vahid Hakimi JAVID, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–73389.

United States Court of Appeals, Ninth Circuit.

Submitted July 28, 2005.*

Decided Aug. 31, 2005.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Raul E. Godinez, Law Office of Raul E. Godinez, Los Angeles, CA, for Petitioner.

Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Marshall Tamor Golding, Esq., OIL, Carl H. McIntyre, Jr., Jeffrey J. Bernstein, Esq., U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM **

Vahid Hakimi Javid, a native and citizen of Iran, petitions for review of his final order of removal. The Board of Immigration Appeals ("BIA") affirmed the decision of an Immigration Judge ("IJ") denying asylum and withholding of removal because Javid had not demonstrated past persecution or a fear of future persecution on a protected ground. We have jurisdic-tion under 8 U.S.C. § 1252, and we deny the petition for review.

Because the BIA affirmed without an opinion, we review the IJ's opinion as if it were the BIA's, upholding the denial of asylum if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Khup v. Ashcroft,* 376 F.3d 898, 902 (9th Cir.2004) (quotations omitted).

Javid filed two asylum applications with radically different facts. His first application claimed that he himself had been involved in activities against the Iranian government, while his second application claimed that he had no involvement and had been of interest to the authorities only because of his cousin's political activities. At his hearing he disavowed his first application as the work of an immigration consultant who filed fraudulent asylum claims without consulting his client. The IJ, although skeptical, did not find that Javid had filed a frivolous application, and considered the second application on its merits.

The IJ concluded that Javid had not demonstrated that he had been persecuted on account of his political opinion. There was no evidence that Javid was ever asked about, accused of holding, or volunteered any political opinion. His family, other than his cousin, was not involved politically and the family members remaining in Iran had not been imprisoned, jailed or otherwise persecuted. The facts in evidence do not compel us to draw the inference that Javid's treatment was on account of imputed political opinion. *See Ochoa v. Gonzales,* 406 F.3d 1166, 1171 (9th Cir.2005) (quotations omitted) (to grant petition for review, facts must establish "an inference ... clearly to be drawn" that treatment

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

was result of political opinion attributed to the applicant by his persecutors).

PETITION DENIED.